**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODRICK I. SATRE; BONITA SATRE DALEY, | No. 11-16099 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-01405-JSW |
| v. | MEMORANDUM[*] |
| WELLS FARGO BANK, NA, a.k.a. America's Servicing Company, a.k.a. Wells Fargo Home Mortgage, Inc.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Robert I. Satre and Bonita Satre Daley ("the Satres"), appeal pro se from the

district court's judgment dismissing their action alleging violations of the Fair Debt

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Collections Practices Act ("FDCPA") and state law claims in connection with mortgage foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kearner v. Foley & Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009) (dismissal based on *Noerr-Pennington* and grant of motion to strike under California's anti-SLAPP statute); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (dismissal based on *Rooker-Feldman*). We affirm in part, reverse in part, and remand.

The district court properly determined that Wechsler is immune from FDCPA liability under the *Noerr-Pennington* doctrine because the Satres's factual allegations in their amended complaint failed to establish that Wechsler, who was defending his client from litigation initiated by the Satres, was a "debt collector." *See* 15 U.S.C. § 1692a(6) (defining "debt collector" as one who "regularly collects . . . debts owed or due or asserted to be owed or due another"); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (under *Noerr-Pennington*, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct" (citation omitted)).

The district court properly granted Wechsler's special motion to strike the state law claims under California's anti-SLAPP statute, because the claims against Wechsler were based on protected activity, *see* Cal. Civ. Proc. Code § 425.16(e),

2                                                                                                    11-16099

and the Satres failed to show a probability of prevailing on the merits, s*ee Kearner*, 590 F.3d at 650 (discussing California's litigation privilege).

The district court did not abuse its discretion in awarding attorney's fees to Wechsler. *See* Cal. Civ. Proc. Code § 425.16(c).

The district court incorrectly concluded that it lacked jurisdiction under *Rooker-Feldman* doctrine. The Satres alleged in their complaint illegal acts and omissions by defendants, not an error by the state court. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003); *see also Kougasian*, 359 F.3d at 1140 ("*Rooker-Feldman . . .* applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").

We do not consider issues raised for the first time on appeal, *see Padgett v. Wright*, 587 F.3d 983, 985 .2 (9th Cir. 2009) (per curiam), or any documents that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**